## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

THERESE BLAKE,
Individually and on behalf of all others similarly
situated,

        *Plaintiff*,

      v.

SHAH & SHAH, LLC, and SYED KHALID
M. SHAH, Individually.

        *Defendants*.

Case No. ___3:22-cv-66___

JURY TRIAL DEMANDED

COLLECTIVE ACTION PURSUANT
TO 29 U.S.C. § 216(B)

CLASS ACTION PURSUANT TO FED. R.
CIV. P. 23

## <u>ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT</u>

Plaintiff Therese Blake brings this action individually and on behalf of all current and former similarly situated employees (hereinafter "Plaintiff and the Putative Class Members") who were employed by Shah & Shah, LLC ("Pizza World") and Syed Khalid M. Shah ("Shah") (collectively "Defendants" or "Pizza World"), anywhere in the United States, at any time during the last three years through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), the Illinois Minimum Wage Law (hereinafter "IMWL"), 820 ILCS 105/1 *et seq*., and the Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq*. ("IWPCA") (the IMWL and the IWPCA will be referred to collectively as the "Illinois Acts"). Plaintiff Blake also brings this action individually and on behalf of all current and former Delivery Drivers who were employed by Defendants anywhere in the State of Illinois at any time during the last three years through the final disposition of this matter, to recover unpaid business expenses, liquidated damages, and attorneys' fees and costs pursuant to the Illinois Acts.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the two state law claims are asserted as class actions under the Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and class actions pursuant to the state laws of Illinois and FED. R. CIV. P. 23 to recover unpaid business expenses, unpaid overtime, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants as Store Managers, anywhere in the United States, at any time during the last three years through the final disposition of this matter, and have not been paid overtime in violation of state and federal law.

3. Plaintiff and the Business Expense Class Members are those similarly situated persons who worked for Defendants as Delivery Drivers, anywhere in the State of Illinois, at any time during the last three years through the final disposition of this matter, and have not been reimbursed for necessary expenses in violation of Illinois state law.

4. Although Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. Plaintiff and the Business Expense Class Members routinely incurred necessary expenses that were required in order to discharge their duties on behalf of Defendants. Even though

such expenses were required in the performance of their duties, Defendants failed to reimburse Plaintiff and the Business Expenses Class Members for their reasonably incurred expenses.

6.      The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7.      Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8.      Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Illinois state law.

9.      Defendants knowingly and deliberately misclassified Plaintiff and the Putative Class Members as exempt employees not entitled to overtime compensation.

10.     Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

11.     Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12.     Plaintiff also prays that the Rule 23 classes are certified as defined herein, and that Plaintiff Blake be named as the Class Representative for both Illinois classes.

## II.
## THE PARTIES

13.     Plaintiff Therese Blake ("Blake") was employed by Defendants during the relevant time period. Plaintiff Blake did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14.     The FLSA Collective Members are those current and former Store Managers employed by Defendants, anywhere in the United States, at any time from January 10, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Blake worked and was paid.

15.     The Illinois Overtime Class Members are those current and former Store Managers who were employed by Defendants, anywhere in the State of Illinois, at any time from January 10, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Blake worked and was paid.

16.     The Illinois Business Expenses Class Members are those current and former Delivery Drivers who were employed by Defendants, anywhere in the State of Illinois, at any time from January 10, 2019 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Blake worked and was paid.

17.     Defendant Shah & Shah, LLC d/b/a Pizza World ("Pizza World") is a domestic limited liability company, licensed to and doing business in the state of Illinois, and may be served through its registered agent for service of process: **James G. Fleshren, 791 Wall Street, Suite 100, O'Fallon, Illinois 62269.**

18.     Defendant Syed Khalid M. Shah ("Shah") is the Managing Member of Defendant Pizza World and an employer as defined by 29 U.S.C. § 203(d). Along with Defendant Pizza World,

---

[1] The written consent of Therese Blake is attached hereto as Exhibit "A."

Defendant Shah employed and/or jointly employed Plaintiff and the Putative Class Members. Defendant Shah may be served with process at **3712 Round Hill Rd. STE 3, Swansea, Illinois 62226, or wherever he may be found.**

19.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Pizza World and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

20.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

21.     This Court has supplemental jurisdiction over the additional Illinois state law claims pursuant to 28 U.S.C. § 1367.

22.     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

23.     Venue is proper in the Southern District of Illinois because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24.     Specifically, Pizza World's corporate headquarters are located in Swansea, Illinois, and Plaintiff Blake performed work for Pizza World in Belleville, Illinois, all of which is located within this District and Division.

25.     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

26.     Defendants operate a series of pizza stores in the States of Illinois, Iowa, Missouri, and Virginia.[2]

### *Defendants are Joint Employers*

27.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

28.     Defendants directly or indirectly hired Plaintiff Blake.

29.     Defendants controlled Plaintiff Blake's work schedules and conditions of employment.

30.     Defendants determined Plaintiff Blake's rate and method of payment of wages.

31.     Defendants maintained control, oversight, and direction over Plaintiff Blake, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

32.     Defendants mutually benefitted from the work performed by Plaintiff Blake.

33.     Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff Blake.

34.     Defendants shared the services of Plaintiff Blake.

35.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff Blake.

36.     Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

37.     Defendants had the power to hire and fire Plaintiff Blake.

38.     Defendants maintained Plaintiff Blake's employment records.

---

[2] https://pizzaworldonline.com/stores/pizza-world-belleville/.

39.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

*Unpaid Overtime – Store Managers*

40.     To provide their services, Defendants employed (and continue to employ) numerous workers—including Plaintiff and the individuals that make up the putative class.

41.     Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA violations.

42.     Plaintiff Blake was employed as a Delivery Driver and then as a Store Manager by Defendants in Belleville, Illinois from approximately June 2020 until January 2021.

43.     Plaintiff and the Putative Class Members' job duties consisted of overseeing their stores and watching their employees.

44.     Plaintiff and the Putative Class Members worked long hours—specifically, Plaintiff and the Putative Class Members frequently worked in excess of forty (40) hours each week.

45.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay for all hours worked over 40 each week.

46.     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

47.     Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice.

48.     Specifically, although Defendants classified Plaintiff and the Putative Class Members as exempt, Defendants paid them a salary that was less than $684.00 per week. *See* 29 C.F.R. § 541.

49.     Because Plaintiff and the Putative Class Members were not paid a salary of at least $684.00 per week, they did not qualify as overtime exempt employees.[3]

50.     Defendants applied this pay practice despite clear and controlling law that states that the Plaintiff and the Putative Class Members were not paid the minimum salary basis to qualify as exempt from overtime under the FLSA.

### *Unpaid Overtime – Delivery Drivers*

51.     To provide their services, Defendants employed (and continues to employ) numerous workers—including Plaintiff and the individuals that make up the Illinois Business Expenses class.

52.     Plaintiff and the Illinois Business Expenses Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of Illinois Acts violations.

53.     Plaintiff and the Illinois Business Expenses Class Members job duties consisted of delivering pizzas to customers' homes.

54.     As part of their jobs, Plaintiff and the Illinois Business Expenses Class Members would use their personal vehicles to deliver pizzas on behalf of Defendants.

55.     The Illinois Acts mandate that employers—like Defendants—reimburse employees for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer. *See* 820 ILCS 115/9.5.

56.     Plaintiff and the Illinois Business Expenses Class Members regularly incurred expenses, such as purchasing gasoline, in order to perform their work for Defendants.

57.     Defendants denied Plaintiff and the Illinois Business Expenses Class Members expense reimbursements as a result of a widely applicable, illegal pay practice.

---

[3] https://www.dol.gov/agencies/whd/fact-sheets/17g-overtime-salary.

58.     Defendants applied this pay practice despite clear and controlling law that states that they were required to reimburse Plaintiff and the Illinois Business Expenses Class Members.

59.     Defendants' failure to pay Plaintiff and the Putative Class Members overtime compensation for all hours worked in excess of forty (40) hours each workweek violated (and continues to violate) the FLSA.

60.     Defendants' failure to reimburse Plaintiff and the Illinois Business Expenses Class Members for necessary expenses violated (and continues to violate) the Illinois Acts.

61.     Defendants knew or should have known that their failure to pay overtime compensation to Plaintiff and the Putative Class Members was (and is) in violation of the FLSA.

62.     Because Defendants did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek and did not reimburse them for all necessary expenses, Defendants' pay policies and practices willfully violate the FLSA and Illinois Acts.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging Violations of the FLSA)

**A.     FLSA COVERAGE**

63.     Paragraphs 1–62 are fully incorporated herein.

64.     The FLSA Collective is defined as:

**ALL STORE MANAGERS EMPLOYED BY PIZZA WORLD, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 10, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

65.     At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

66.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

67.     At all times hereinafter mentioned, Defendants has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

68.     Specifically, Defendants operate on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

69.     During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

70.     In performing the operations described hereinabove, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

71.     Specifically, Plaintiff and the FLSA Collective Members are (or were) employees who served Defendants' customers throughout the United States. 29 U.S.C. § 203(j).

72.     At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

73.     The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 64.

74.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

## B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

75.     Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a restaurant, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

76.     Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

77.     Defendants knew or should have known their pay practices were in violation of the FLSA.

78.     Defendants are a sophisticated parties and employers, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

79.     Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

80.     The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

81.     Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C.     COLLECTIVE ACTION ALLEGATIONS

82.     All previous paragraphs are incorporated as though fully set forth herein.

83.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendants employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

84.     Other similarly situated employees of Defendants have been victimized by Defendants patterns, practices, and policies, which are in willful violation of the FLSA.

85.     The FLSA Collective Members are defined in Paragraph 64.

86.     Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

87.     Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

88.     The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

89.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

90.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

91.     Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Defendants will retain the proceeds of its violations.

92.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

93.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 64 and notice should be promptly sent.

**COUNT TWO**
**(Class Action Alleging Violations of the Illinois Acts)**

**A.     ILLINOIS ACTS COVERAGE**

94.     Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

95.     The Illinois Overtime Class is defined as:

**ALL STORE MANAGERS EMPLOYED BY PIZZA WORLD, ANYWHERE IN THE STATE OF ILLINOIS, AT ANY TIME FROM JANUARY 10, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Illinois Overtime Class" or "Illinois Overtime Class Members")**

96.     At all times hereinafter mentioned, Defendants were and have been "employers" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/1; *see also* 820 ILCS § 105/3(c)–(d).

97.     At all times hereinafter mentioned, Plaintiff and the Illinois Overtime Class Members have been "employees" within the meaning of the Illinois Acts. *See id.*

98.     Plaintiff and the Illinois Overtime Class Members were or have been employed by Defendants since January 10, 2019, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

99.     The employers, Defendants, are not exempt from paying overtime benefits under the Illinois Acts.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

100.    All previous paragraphs are incorporated as though fully set forth herein.

101.    The Illinois Acts require employers like Defendants to pay overtime wages for all hours worked in excess of forty (40) hours each workweek. *See* 820 ILCS § 105/12; *see also* 820 ILCS § 115/3.

102.    Plaintiff and the Illinois Overtime Class Members are ***non-exempt*** employees who are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours each workweek. *See id.*

103.    Defendants have a company-wide policy and practice of failing to pay Plaintiff and the Illinois Overtime Class Members overtime wages. 820 ILCS § 105/5.

104.    Defendants have a continuing policy and practice of failing to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek. *See* 820 ILCS § 105/4a.

105.    As a result of Defendants' illegal and company-wide policies applicable to Plaintiff and Illinois Overtime Class Members' wages, and its failure to pay overtime wages to the Illinois Overtime Class Members, Defendants violated the Illinois Acts.

106.    Defendants' failure to pay overtime wages for all hours worked in excess of forty (40) in a workweek to the Illinois Overtime Class Members who performed work on behalf of Defendants in Illinois is part of a continuing course of conduct.

107.    Plaintiff and the Illinois Overtime Class Members who performed work on behalf of Defendants in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); 820 ILCS § 115/14; 820 ILCS § 115/11; and 815 ILCS § 205/2.

108.    As a result, this action, "may encompass all violations that occurred as part of Defendants' continuing course of conduct regardless of the date on which they occurred."

109.    Plaintiff and the Illinois Overtime Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions described herein; though Defendants are in possession and control of necessary documents and information from which the Illinois Overtime Class Members would be able to precisely calculated damages.

110.    Plaintiff and the Illinois Overtime Class Members seek the amount of their underpayments based on Defendants' failure to pay overtime wages for all hours worked in excess of forty (40) hours in a workweek, treble damages as liquidated damages, and such other legal and equitable relief from Defendants' willful conduct as the Court deems just and proper.

111.    Accordingly, the Illinois Overtime Class should be certified as defined in Paragraph 95.

## C.    ILLINOIS CLASS ALLEGATIONS

112.    Plaintiff brings her Illinois claims pursuant to the Illinois Acts as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Defendants to work in Illinois since January 10, 2019.

113.    Class action treatment of Plaintiff and the Illinois Overtime Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

114.    The number of Illinois Overtime Class Members is so numerous that joinder of all class members is impracticable.

115.    Plaintiff is a member of the Illinois Overtime Class, her claims are typical of the claims of the other Illinois Overtime Class Members, and she has no interests that are antagonistic to or in conflict with the interests of the other Illinois Overtime Class Members.

116.     Plaintiff and her counsel will fairly and adequately represent the Illinois Overtime Class Members and their interests.

117.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

118.     Accordingly, the Illinois Overtime Class should be certified as defined in Paragraph 95.

## COUNT THREE
### (Class Action Alleging Violations of the Illinois Acts)

A.     **ILLINOIS ACTS COVERAGE**

119.     Plaintiff incorporates by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

120.     The Illinois Business Expenses Class is defined as:

**ALL DELIVERY DRIVERS EMPLOYED BY PIZZA WORLD, ANYWHERE IN THE STATE OF ILLINOIS, AT ANY TIME FROM JANUARY 10, 2019 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Illinois Business Expenses Class" or "Illinois Business Expenses Members")**

121.     At all times hereinafter mentioned, Defendants were and have been "employers" within the meaning of the Illinois Acts. *See* 820 ILCS § 115/1; *see also* 820 ILCS § 105/3(c)–(d).

122.     At all times hereinafter mentioned, Plaintiff Blake and the Illinois Overtime Class Members have been "employees" within the meaning of the Illinois Acts. *See id.*

123.     Plaintiff and the Illinois Business Expenses Class Members were or have been employed by Defendants since January 10, 2019, and have been covered employees entitled to the protections of the Illinois Acts and were not exempt from the protections of the Illinois Acts.

124.    The employers, Defendants, are not exempt from reimbursing employees of necessary expenses incurred in the performance of their job duties.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE ILLINOIS ACTS**

125.    All previous paragraphs are incorporated as though fully set forth herein.

126.    The Illinois Acts require employers like Defendants to reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer. *See* 820 ILCS § 115/9.5.

127.    Plaintiff and the Illinois Business Expenses Class Members are employees who are entitled to be reimbursed for their expenses. *See id.*

128.    Defendants have a company-wide policy and practice of failing to reimburse Plaintiff and the Illinois Business Expenses Class Members of their expenses. 820 ILCS § 105/5.

129.    Defendants have a continuing policy and practice of failing to reimburse employees for their expenses.

130.    As a result of Defendants' illegal and company-wide policies applicable to Plaintiff and the Illinois Business Expenses Class Members' wages, and its failure to reimburse the expenses of the Illinois Business Expenses Class Members, Defendants violated the Illinois Acts.

131.    Defendants' failure to reimburse expenses of the Illinois Business Expenses Class Members who performed work on behalf of Defendants in Illinois is part of a continuing course of conduct.

132.    Plaintiff and the Illinois Business Expenses Class Members who performed work on behalf of Defendants in Illinois are entitled to invoke the benefits of the Illinois Acts, including but not limited to 820 ILCS § 105/12(a); 820 ILCS § 115/14; 820 ILCS § 115/11; and 815 ILCS § 205/2.

133.    As a result, this action, "may encompass all violations that occurred as part of Defendants' continuing course of conduct regardless of the date on which they occurred."

134.     Plaintiff and the Illinois Business Expenses Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions described herein; though Defendants are in possession and control of necessary documents and information from which the Illinois Business Expenses Class Members would be able to precisely calculated damages.

135.     Plaintiff and the Illinois Business Expenses Class Members seek the amount of their underpayments based on Defendants' failure to reimburse them for the necessary expenses, treble damages as liquidated damages, and such other legal and equitable relief from Defendants' willful conduct as the Court deems just and proper.

136.     Accordingly, the Illinois Business Expenses Class should be certified as defined in Paragraph 120.

**C.     ILLINOIS CLASS ALLEGATIONS**

137.     Plaintiff brings her Illinois claims pursuant to the Illinois Acts as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Defendants to work in Illinois since January 10, 2019.

138.     Class action treatment of Plaintiff and the Illinois Business Expenses Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

139.     The number of Illinois Business Expenses Class Members is so numerous that joinder of all class members is impracticable.

140.     Plaintiff is a member of the Illinois Business Expenses Class, her claims are typical of the claims of other Illinois Business Expenses Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

141.     Plaintiff and her counsel will fairly and adequately represent the Illinois Business Expenses Class Members and their interests.

142.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

143.    Accordingly, the Illinois Class should be certified as defined in Paragraph 120.

## VI.
## RELIEF SOUGHT

144.    Plaintiff respectfully prays for judgment against Defendants as follows:

a.    For an Order certifying the FLSA Collective as defined in Paragraph 64 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.    For an Order certifying the Illinois Overtime Class as defined in Paragraph 95 and designating Plaintiff Blake as the Class Representative for the Illinois Overtime Class;

c.    For an Order certifying the Illinois Business Expenses Class as defined in Paragraph 120 and designating Plaintiff Blake as the Class Representative for the Illinois Business Expenses Class;

d.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

e.    For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f.    For an Order pursuant to Illinois law awarding Plaintiff Blake and the Illinois Overtime Class Members unpaid wages and other damages allowed by law;

g.       For an Order pursuant to Illinois law awarding Plaintiff Blake and the Illinois Business Expenses Class Members unpaid wages and other damages allowed by law;

h.       For an Order awarding the costs of this action;

i.       For an Order awarding attorneys' fees;

j.       For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

k.       For an Order awarding Plaintiff Blake a service award as permitted by law;

l.       For an Order compelling the accounting of the books and records of Pizza World, at Pizza World expense; and

m.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   January 14, 2022                Respectfully submitted,

                                        **STEPHAN ZOURAS, LLP**

                        By:     /s/ *Ryan F. Stephan*
                                **Ryan F. Stephan**
                                rstephan@stephanzouras.com
                                **James B. Zouras**
                                jzouras@stephanzouras.com
                                **Anna M. Ceragioli**
                                aceragioli@stephanzouras.com
                                100 N. Riverside Plaza, Suite 2150
                                Chicago, Illinois 60606
                                312.233.1550
                                312.233.1560 *f*

                                Firm ID: 43734

                                **ANDERSON ALEXANDER, PLLC**

                                **Clif Alexander** *(Pro Hac Vice Anticipated)*
                                Texas Bar No. 24064805
                                clif@a2xlaw.com
                                **Austin Anderson** *(Pro Hac Vice Anticipated)*
                                Texas Bar No. 24045189
                                austin@a2xlaw.com
                                819 N. Upper Broadway
                                Corpus Christi, Texas 78401
                                Telephone: (361) 452-1279
                                Facsimile: (361) 452-1284

                                *Counsel for Plaintiff and the Putative Collective/Class Members*

## <u>CERTIFICATE OF SERVICE</u>

I, the attorney, hereby certify that on January 14, 2022, I filed the attached with the Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

*/s/ Ryan F. Stephan*